# In re Christopher PICKERING, Respondent

File A70 539 319 - Detroit

*Decided June 11, 2003*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  If a court vacates an alien's conviction for reasons solely related to rehabilitation or immigration hardships, rather than on the basis of a procedural or substantive defect in the underlying criminal proceedings, the conviction is not eliminated for immigration purposes.

(2) Where the record indicated that the respondent's conviction for possession of a controlled substance was quashed by a Canadian court for the sole purpose of avoiding the bar to his acquisition of permanent residence, the court's action was not effective to eliminate the conviction for immigration purposes.

FOR RESPONDENT:  Marshal E. Hyman, Esquire, Troy, Michigan

FOR THE DEPARTMENT OF HOMELAND SECURITY:[1]  Marsha K. Nettles, Assistant District Counsel

BEFORE:   Board Panel: FILPPU, GUENDELSBERGER, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated September 21, 1999, an Immigration Judge found the respondent removable as an alien convicted of a controlled substance violation and ordered him removed from the United States.  The respondent has appealed, arguing that he has not been convicted for immigration purposes because a Canadian court with jurisdiction over the matter issued an order quashing his conviction.  The appeal will be dismissed.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Canada.  On November 6, 1980, he was convicted in Chatham, Ontario, Canada, of unlawful possession of a restricted drug, namely, Lysergic Acid Diethylamide ("LSD"), contrary to Section 41(1) of the Food & Drugs Act.  The respondent was sentenced to

---

[1]  We note that the functions of the Immigration and Naturalization Service have been transferred to the Department of Homeland Security pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135.

pay a fine of $300.00 (Canadian) or, in default of payment, to 30 days in custody.

In March 1993, the respondent filed an application for adjustment of status. Aware that his controlled substance conviction rendered him ineligible for adjustment, the respondent subsequently requested that the Ontario Court of Justice (General Division) quash the conviction. In a judgment dated June 20, 1997, the court quashed the respondent's 1980 conviction for unlawful possession of LSD. On August 21, 1998, the respondent's application for adjustment of status was denied and removal proceedings were initiated.

The Immigration Judge found the respondent removable on the basis of his conviction and ordered him removed. In his decision, the Immigration Judge declined to give effect to the Canadian court's order quashing the conviction, finding that the court's action was for rehabilitative purposes to allow the respondent to live permanently in the United States.

## II. ISSUE

The question presented in this appeal is whether the Canadian court's order quashing the respondent's conviction vitiates the conviction for immigration purposes. On the facts of this case, we find that it does not.

## III. ANALYSIS

Section 101(a)(48)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(A) (2000), defines the term "conviction" as follows:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication has been withheld, where—
>> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

Although the definition of a conviction in section 101(a)(48)(A) does not directly address "quashing" of convictions, we have considered the issue of vacated convictions in two recent decisions. We held in *Matter of Roldan*, 22 I&N Dec. 512 (BIA 1999), that under the definition in section 101(a)(48)(A), no effect is to be given in immigration proceedings to a state action which purports to expunge, dismiss, cancel, vacate, discharge, or otherwise remove a guilty plea or other record of guilt or conviction by operation of a state rehabilitative statute. In *Matter of Rodriguez-Ruiz*, 22 I&N Dec. 1378 (BIA 2000), we determined that a conviction that had been

vacated on the merits pursuant to Article 440 of the New York Criminal Procedure Law did not constitute a conviction for immigration purposes within the meaning of the statute.

The issue presented in this case is not directly controlled by either *Matter of Roldan* or *Matter of Rodriguez-Ruiz.* We limited our holding in *Roldan* to "those circumstances where an alien has been the beneficiary of a state rehabilitative statute which purports to erase the record of guilt." *Matter of Roldan*, *supra*, at 523. *Rodriguez-Ruiz* involved a statute authorizing vacation of a conviction based on the legal merits of the underlying proceedings. The Government argued that because the New York conviction had been vacated "for purposes of avoiding removal, and not for reasons relating to a constitutional or legal defect in the criminal proceedings," the respondent's conviction should remain a "conviction" under the Act. *Matter of Rodriguez-Ruiz*, *supra*, at 1379. We rejected that contention, finding that the court's order was not within the parameters of *Roldan* because the law under which the conviction was vacated was not an expungement or rehabilitative statute. We further held that we would not look behind the state court judgment to ascertain whether the court acted in accordance with its own law in vacating the conviction.

The federal courts have also considered whether section 101(a)(42)(A) of the Act provides an exception for a vacated conviction from the definition of a "conviction." In *Herrera-Inirio v. INS*, 208 F.3d 299, 306 (1st Cir. 2000), the United States Court of Appeals for the First Circuit noted that the "emphasis that Congress placed on the *original* admission of guilt plainly indicates that a subsequent dismissal of the charges, based solely on rehabilitative goals and not on the merits of the charge or on a defect in the underlying criminal proceedings, does not vitiate that original admission." Thus, the court concluded that

> state rehabilitative programs that have the effect of vacating a conviction other than on the merits or on a basis tied to the violation of a statutory or constitutional right in the underlying criminal case have no bearing in determining whether an alien is to be considered "convicted" under section 1101(a)(48)(A).

*Id.* at 306. In reaching this conclusion, the court relied on *United States v. Campbell*, 167 F.3d 94, 98 (2d Cir. 1999), where the Second Circuit observed that "no provision [in the immigration laws] excepts from this definition a conviction that has been vacated" and found that a state order setting aside a conviction was invalid for immigration purposes where it "was not based on any showing of innocence or on any suggestion that the conviction had been improperly obtained."

In *Zaitona v. INS*, 9 F.3d 432, 436-37 (6th Cir. 1993), the Sixth Circuit, in whose jurisdiction this case arises, held that a district court order vacating a federal conviction would not be recognized for immigration purposes where

the sole reason for the order was to enter an otherwise untimely judicial recommendation against deportation in order to prevent the alien's deportation. In this regard, the Sixth Circuit stated that the sentencing court should not subsequently be permitted "to vacate a judgment for reasons that have nothing to do with the underlying validity of the guilty plea and original conviction themselves." *Id.* at 436.

The Sixth Circuit's approach is also consistent with other relevant federal court decisions. *See, e.g.*, *Renteria-Gonzalez v. INS*, 322 F.3d 804, 812 (5th Cir. 2002) (stating that "the text, structure, and history of the INA suggest that a vacated federal conviction does remain valid for purposes of the immigration laws");[2] *Beltran-Leon v. INS*, 134 F.3d 1379, 1380-81 (9th Cir. 1998) (finding that a vacated conviction remained a conviction for deportation purposes where the state court's action, pursuant to a writ of audita querela, was undertaken "solely in order to prevent deportation and the subsequent hardship to [the alien] and his family"); *cf. United States v. Bravo-Diaz*, 312 F.3d 995 (9th Cir. 2002) (finding that audita querela and the All Writs Act are unavailable to undo a conviction in order to avoid deportation on equitable grounds where there is no legal defect in the conviction); *United States v. Tablie*, 166 F.3d 505 (2d Cir. 1999) (same); *Doe v. INS*, 120 F.3d 200 (9th Cir. 1997) (same).

In accord with the federal court opinions applying the definition of a conviction at section 101(a)(48)(A) of the Act, we find that there is a significant distinction between convictions vacated on the basis of a procedural or substantive defect in the underlying proceedings and those vacated because of post-conviction events, such as rehabilitation or immigration hardships. Thus, if a court with jurisdiction vacates a conviction based on a defect in the underlying criminal proceedings, the respondent no longer has a "conviction" within the meaning of section 101(a)(48)(A). If, however, a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, the respondent remains "convicted" for immigration purposes.[3] The fact that the case at bar involves a foreign conviction does not alter our analysis with respect to the purpose of the subsequent vacation of that conviction.

---

[2] The majority opinion in *Renteria-Gonzalez v. INS, supra*, indicates that a vacated federal conviction remains valid for purposes of the immigration laws irrespective of the reasons why the conviction was vacated. *See id.* at 822-23 (Benavides, J., specially concurring). This approach appears contrary to *Matter of Rodriguez-Ruiz, supra*, and we decline at this time to adopt it outside the jurisdiction of the Fifth Circuit.

[3] *But cf. Matter of Sirhan*, 13 I&N Dec. 592 (BIA 1970); *Matter of O'Sullivan*, 10 I&N Dec. 320 (BIA 1963) (declining to find that a conviction was vacated for the sole purpose of avoiding deportation).

The resolution of this case therefore turns on whether the conviction was quashed on the basis of a defect in the underlying criminal proceedings.[4] In making this determination, we look to the law under which the Canadian court issued its order and the terms of the order itself, as well as the reasons presented by the respondent in requesting that the court vacate the conviction.

The order quashing the conviction in this case does not reference the law pursuant to which the conviction was vacated. Although the respondent noted in his affidavit that he sought the relief pursuant to Section 24(1) of the Canadian Charter of Rights and Freedoms and has argued that the purpose of this section is to provide appropriate and just remedies for violation of Charter rights, we are unable to discern such a purpose from the official documentation submitted in support of the claim.

Turning to the wording of the order and the respondent's request for post-conviction relief, we note that the judgment only refers, as the grounds for ordering the conviction quashed, to the respondent's request and his supporting affidavit. Significantly, neither document identifies a basis to question the integrity of the underlying criminal proceeding or conviction. The affidavit alleges that the respondent's controlled substance conviction is a bar to his permanent residence in the United States and indicates that the sole purpose for the order is to eliminate that bar.[5] Under these circumstances, we find that the quashing of the conviction was not based on a defect in the conviction or in the proceedings underlying the conviction, but instead appears to have been entered solely for immigration purposes. For these reasons, we agree with the Immigration Judge that the respondent has a "conviction" for possession of a controlled substance within the meaning of section 101(a)(48)(A) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[4] There is no contention that the Canadian court has inaccurately stated the basis for its ruling.

[5] The affidavit recites that the respondent had been granted a pardon in 1996 for his 1980 LSD offense (as well as for convictions in 1977 for taking a vehicle without consent and in 1979 for assault causing bodily harm), but that he had been advised that only the 1980 crime stood as a "bar to gaining permanent residency in the United States." We note that the foreign pardon the respondent received would not serve to eliminate his convictions for immigration purposes. *See Matter of B-*, 7 I&N Dec. 166 (BIA 1956); *cf.* section 237(a)(2)(A)(v) of the Act, 8 U.S.C. § 1227(a)(2)(A)(v) (2000).